UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTRON PERKINS, | No. 2:17-cv-01589 CKD P |
| Petitioner, | |
| v. | ORDER |
| J. PRICE, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a motion to proceed in forma pauperis. ECF Nos. 1, 5. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the motion to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

On August 10, 2017, petitioner filed his consent to have the undersigned magistrate judge conduct all further proceedings and enter judgment in this case. See 28 U.S.C. § 636(c); ECF No. 4.

**I.  Background**

Petitioner was convicted of Assault with a Semi-Automatic Firearm in the Sacramento County Superior Court in 1999 following a jury trial. ECF No. 1 at 1. He was sentenced to a determinate term of twenty five years and four months in prison. Id. In his federal habeas

1

application petitioner raises a single claim for relief based on California Senate Bill No. 261 which provides a youthful offender parole hearing for inmates who committed their crimes when they were under 23 years of age. Petitioner complains about the Board of Parole Hearings' delay in scheduling him for a youthful offender parole hearing which will not take place until after his earliest possible release date.

**II.     Screening Standards**

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…." See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) ("[R]ule 4 ... 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated'"), quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**III.    Discussion**

In the instant case, it is plain from the petition and the attached exhibits that petitioner is not entitled to federal habeas relief. Petitioner's claim is not cognizable in federal habeas corpus proceedings because it only raises a question of state law concerning the Board of Parole Hearings' implementation of Senate Bill 261. See 28 U.S.C. § 2254(a) (stating that habeas corpus relief is available only on the ground that petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."); Lewis v. Jeffers, 497 U.S. 764, 783 (1990). Therefore, the petition should be summarily dismissed. Additionally, there is no tenable federal claim for relief that can be pleaded in an amended federal habeas petition so leave to amend will not be granted.

**IV.     Certificate of Appealability**

There is no right of appeal from a district court's final order in a habeas corpus proceeding without first obtaining a certificate of appealability. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Where, as here, the petition was dismissed on procedural grounds, a certificate of

appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Since the petition fails to facially allege the denial of a constitutional right and jurists of reason would not find the district court's procedural ruling debatable, a certificate of appealability is not warranted. See Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 5, is granted;

2. Petitioner's application for a writ of habeas corpus is summarily dismissed;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of Court is directed to enter judgment and close this case.

Dated: September 27, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/Perk1589.156b